UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| The HJH Consulting Group, Inc. d/b/a The SALT Group | § § § § | |
| Plaintiff, | § § | Civil Action No. 09-cv-0378-XR |
| VS. | § § | |
| CELLECT LLC, | § § | |
| Defendant. | § § | |

## ORDER REMANDING CASE TO STATE COURT

On this date, the Court considered Plaintiffs' Motion to Remand (docket no. 6), and the response and reply thereto. After careful consideration, the Court finds that it lacks subject matter jurisdiction, GRANTS the motion, and REMANDS the action to the 216th District Court, Kerr County, Texas.

## I. BACKGROUND

Plaintiff, HJH Consulting Group, Inc. d/b/a The SALT Group ("SALT") provides tax consultation services. In February 2009, an employee with defendant Cellect LLC allegedly signed a contract with SALT that provided that SALT would analyze Cellect's tax records and other pertinent documents to identify tax refunds, benefits, and credits that Cellect was eligible to receive. In late March 2009, Cellect claims it provided SALT with two categories of credits that it was eligible to receive and shortly thereafter requested payment of its fees. SALT refused to make payment. Subsequently, on April 7, 2009, SALT filed this suit in the 216th District Court, Kerr County, Texas.

In its original petition, SALT asserts claims for breach of contract and quantum meruit.[1] On May 13, 2009, Defendant Cellect LLC timely removed the action to this Court, arguing that removal was proper because the Court has diversity jurisdiction.[2] Cellect then moved for dismissal and transfer of venue.[3] Plaintiff moves for remand, arguing that a forum selection clause precludes venue in this Court and that the amount in controversy does not meet the $75,000 minimum.[4]

## II. LAW & ANALYSIS

District courts have subject matter jurisdiction over diversity suits where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Generally, the removing party has the burden of proving by a preponderance of the evidence that either: (1) it is facially apparent from the petition that the claim exceeds $75,000, or (2) by setting forth summary-judgment type evidence that supports the requisite finding. *Allen v. R. & H. Oil & Gas Co.*, 63 F.3d 1326, 1335, n.14 (5th Cir. 1995). If a defendant shows by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, a plaintiff seeking remand must show that "as a matter of law, it is certain that [the plaintiff] will not be able to recover more than the damages for which [the plaintiff] has prayed in the state court complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

In its motion, SALT argues that the case should be remanded because the amount in

---

[1] Docket No. 1, Exhibits A - B.

[2] Docket No. 1 at 2.

[3] Docket No. 3 (amended motion; original filed on May 15, 2009, but was subsequently adjudged as moot after amendment).

[4] Docket No. 6. Because the Court determines that it does not have jurisdiction over this case based on the amount in controversy, the Court does not address either SALT's or Cellect's arguments pertaining to venue.

controversy is less than $75,000. SALT claims that the two amounts pleaded for in its original complaint—breach of contract and quantum meruit—are predicated on two mutually exclusive theories of recovery, and could therefore not exceed the minimum amount in controversy requirement. Cellect apparently contends that the amount in controversy exceeds $75,000 because SALT's claims should be aggregated as they were pleaded as two separate recovery amounts and not as alternative theories of recovery.[5] Cellect further claims that the amount in controversy requirement is met because the contract provides for payment of "future benefits," which could result in continued liability, as long as these benefits are received.[6]

On the face of the petition, Plaintiff seeks "liquidated damages" in the amount of $21,046.14 on its breach-of-contract claim and $39,654.45 on its quantum-meruit claim, plus attorney's fees. However, the petition is a little confusing regarding the amount sought. Paragraph 14 of the petition states that, under the contract at issue, Plaintiff is entitled to "50% of Refunds received from taxing authorities, vendors, and/or other parties (hereinafter 'Fee') and future benefits, equal to fifty percent of the total Fee (hereinafter 'Futures')." It further states that Plaintiff identified refunds in the amount of $53,001.76. Under a literal reading of paragraph 14, Plaintiff's sought-after recovery would be the "Fee" of 50% of the tax refunds identified, which would be $26,500.88 (50% of $53,001.76), plus "Futures" identified as fifty percent of the Fee ($13,250.44), for a total of $39,751.32. However, the petition also states that Plaintiff sent an invoice for $15,426.56 and that it was also due $9,806.97 upon the filing of the refund request, and the Court is unable to determine how Plaintiff arrived at these amounts. Further, as noted, paragraph 17 states that Plaintiff is seeking

---

[5] *See id.*

[6] *See* Docket No. 13 at 6-7.

liquidated damages in the amount of $21,046.14 on the contract claim. Even using the highest of these amounts, however, the amount sought as damages on the breach-of-contract claim is $39,751.32.

Under Texas law, as SALT correctly asserts, breach-of-contract and quantum-meruit claims are mutually exclusive theories of recovery. *Truly v. Austin*, 744 S.W.2d 934 (Tex. 1988). "As a general rule, a plaintiff who seeks to recover the reasonable value of services rendered or materials supplied will be permitted to recover in quantum meruit only when there is no express contract covering those services or materials." *Id.* When appropriate, the claims of an individual plaintiff against a single defendant may be aggregated for jurisdictional purposes. *See Diefenthal v. Civil Aeronautics Board,* 681 F.2d 1039, 1053 n.15 (5th Cir.1982). Here, however, recovery under both breach of contract and quantum meruit simultaneously would be legally impossible and the aggregation of the claims so as to reach the jurisdictional amount would be improper. Thus, the principal amount sought is approximately $39,000. Even with attorney's fees, the face of the petition does not demonstrate that the amount in controversy exceeds the jurisdictional minimum.

Neither does Cellect prove the amount in controversy by a preponderance of the evidence. Cellect argues that the contract's provision for future benefits would increase Plaintiff's recovery above the jurisdictional minimum. However, Cellect has failed to quantify these amounts or otherwise demonstrate by a preponderance of the evidence that the amounts sought under the contract would exceed the minimum, instead offering only conclusory assertions.

In light of these considerations, Cellect has failed to show that the amount in controversy exceeds $75,000. Accordingly, the Court lacks subject matter jurisdiction over this case, and it must be remanded to state court.

## III. CONCLUSION

Plaintiff's motion to remand (docket no. 6) is GRANTED. The action is REMANDED to the 216th District Court, Kerr County, Texas. All other pending motions (including specifically docket no. 3) are DISMISSED AS MOOT.

It is so ORDERED.

SIGNED this 17th day of September, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE